### CLAUD BROWN v. STATE.

No. A-4709.    Opinion Filed Nov. 24, 1924.
(230 Pac. 292.)

(Syllabus.)

**Appeal and Error—Evidence Held to Sustain Conviction for Unlawful Transportation, Subsequent Offense.** In a prosecution for transporting intoxicating liquor, subsequent offense to former conviction, evidence reviewed and held sufficient to support the verdict and judgment of conviction.

Appeal from District Court, McIntosh County; Harve L. Melton, Judge.

Claud Brown was convicted of the unlawful transportation of intoxicating liquor, subsequent to a previous conviction in county court, and he appeals. Affirmed.

John W. Robertson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of the district court of McIntosh county, rendered on the verdict of a jury finding the defendant, Claud Brown, guilty of transporting corn whisky in said county, subsequent to a previous conviction in the county court of said county for a similar offense, and fixing his punishment at imprisonment in the penitentiary for a term of 2 years and a fine of $50. The petition in error and case-made were filed in this court May 29, 1923.

No brief has been filed, and there has been no appearance in appellant's behalf on his appeal. The sole question presented by the errors assigned is the sufficiency of the evidence to support the verdict.

The record shows that the testimony of four or five witnesses for the state supports the allegations of the information and the previous conviction alleged was properly shown by the judgment record of the county court. The testimony of the defendant on his own behalf was to the effect that a negro whose name he did not know placed the whisky in the car when he stopped where the officers overtook him. His cross-examination disclosed that he had been convicted of a felony and served a term in the Reformatory at Granite.

A careful reading of the record convinces us that the verdict is amply supported by the evidence, and that no er-

ror prejudicial to the substantial rights of the defendant was committed on the trial. The judgment is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.